IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LaMonte Carson, | Case No. 4:10 CV 132 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| J. T. Shartle, et al., | |
| Respondents. | |

*Pro se* Petitioner LaMonte Carson filed a Petition for Writ of Habeas Corpus (Doc. No. 1) under 28 U.S.C. § 2241. Carson is currently serving a 21-month federal sentence at the Federal Satellite Location in Elkton, Ohio. He seeks reconsideration of his administrative request for placement in a Community Corrections Center (CCC) under the Second Chance Act of 2007.

Petitioner admits he has not received a final determination on his request for administrative remedies (Doc. No. 1, p. 2), as required for habeas claims under Section 2241. *See Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). Petitioner requested twelve months' placement in a CCC from his Unit Team, Warden Shartle, and the Regional Director. Each denied his request. Lastly, Petitioner appealed to the General Counsel, who provided no answer to his appeal. Almost two months later, Petitioner filed this Petition.

A habeas petitioner's failure to complete the administrative remedy process may be excused where his failure is due to the administrator, rather than the petitioner. *Norton v. Parke*, 892 F.2d 476, 481 (6th Cir. 1989). When a prisoner has done everything conceivable to comply with the

administrative process, and his custodian is responsible for the prisoner's default, then strict compliance with the administrative process is not necessarily required. *Id*.

The exhaustion principle requires that the Bureau of Prisons (BOP) be given an opportunity to consider the application of its policy to a petitioner's claim before the matter is litigated in federal court. *See Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir. 2001). Here, the BOP was given the opportunity to consider Petitioner's appeal; the General Counsel simply did not respond. Thus, this Court finds the instant Petition is not barred by the exhaustion requirement. *See Fazzini v. Ne. Ohio Corr. Center*, 473 F.3d 229, 236 (6th Cir. 2006).

Petitioner argues his right to due process was violated because Respondents misinterpreted the requirements of the Second Chance Act. The premise of Petitioner's challenge is his belief that the Act requires twelve months' placement in a CCC for every prisoner. Petitioner is mistaken. There is no such mandate in the Act.

Congress passed the Second Chance Act of 2007 (the Act), 42 U.S.C. § 17501, in part to amend 18 U.S.C. § 3624(c)(1), which charges the BOP with facilitating a prisoner's reentry into society. The substance of this amendment provides: "the BOP Director shall ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act, Pub. L. 110-199, § 251, 122 Stat. 660, 692 (effective April 9, 2008). Twelve months is a maximum, not a guarantee, so the fact Petitioner did not receive twelve months' placement in a CCC is not a violation of the statute.

2

Further, Petitioner misreads the regulations implementing the Second Chance Act. The BOP responded to the Act by issuing an interim policy Memorandum on April 14, 2008 to address CCC placement considerations. The Memorandum requires that placement decisions be made on an individual basis with reference to the five factors set out in Section 3621(b). Inmates previously denied placement were to be reconsidered under the standards set out in the Memorandum. *See Miller v. Whitehead*, 527 F.3d 752, 755 (8th Cir. 2008) ("In reaction to this statute, and the new 12-month maximum placement, the BOP issued guidance directing that 'inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates.'"); *see also Montes v. Sanders*, 2008 WL 2844494, at *1 (C.D. Cal. 2008). The BOP subsequently issued the required regulations, effective October 21, 2008, setting forth procedures for evaluating when an inmate is eligible for transfer to home detention. *See* 28 C.F.R. §§ 570.20-570.22. Neither the regulations nor the Memorandum require approval from the Regional Director for pre-release placement beyond six months.

Here, Respondents considered Petitioner's eligibility under the relevant criteria. *Strong v. Schultz*, 599 F. Supp. 2d. 556 (D. N. J. 2009), a case cited by Petitioner, is not persuasive. *Strong* struck down the Memorandum, but the Memorandum was later superceded by the implementation of the BOP's new regulations on October 21, 2008. Petitioner's Unit Team considered his CCC placement in May 2009 -- well after the October 2008 date when the BOP implemented its new regulations. These latest amended regulations were **not** in place when Petitioner sought relief, but were in existence when Petitioner sought twelve months' placement in a CCC.

Petitioner has no due process right, protected by the Fifth Amendment, to be placed in a CCC earlier than the date on which the BOP assigns him -- as long as the BOP has considered the factors

3

set forth in Section 3621(b) as required by the Act. The BOP has discretion with regard to the incarceration and classification of a lawfully convicted prisoner. *See* 18 U.S.C. § 3621. "There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Accordingly, the Petition for Writ of Habeas Corpus is dismissed under 28 U.S.C. § 2243. Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that an appeal from this decision could not be taken in good faith and no certificate of appealability shall issue.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 10, 2010